IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Jerry Quinlan Huerta,<br><br>　　　　Defendant. | No. CR 18-104-TUC-CKJ (LAB)<br><br>**ORDER** |

On January 18, 2019, Magistrate Judge Leslie A. Bowman issued a Report and Recommendation ("R&R") (Doc. 62) in which she recommended that the Motion to Dismiss Indictment (Doc. 47) filed by Jerry Quinlan Huerta ("Huerta") be denied. Huerta has filed an objection (Doc. 67) and the government has filed a response (Doc. 70).

The standard of review that is applied to a magistrate judge's report and recommendation is dependent upon whether a party files objections – the Court need not review portions of a report to which a party does not object. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472-73, 88 L.Ed.2d 435 (1985). However, the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." Fed.R.Civ.P. 72(b)(3); *see also* 288 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

*Report and Recommendation – Factual Background*

Huerta asserts the R&R fails to make factual findings surrounding the prior Pima County offense details and fails to consider the evidence submitted by Huerta regarding those circumstances. Huerta asserts he played a minor role in a nonviolent offense motivated by political beliefs, as detailed in the Pima County Presentence Report ("PSR"). The Court accepts this fact for purposes of this Order as summarized by Huerta.

Huerta also asserts the R&R incorrectly states Huerta filed liens against people's homes. Rather, he asserts he was acting as an unauthorized notary and signed the homemade liens drawn up by his codefendant Whalen, while codefendant Stultz signed the liens. The liens were openly mailed to the affected parties and notices were published in the newspaper. Further, Huerta asserts the authorities were on notice as to who filed the liens and why. However, Huerta and the codefendants took such actions in concert. The Court accepts Huerta's objection as placing the statement in the R&R into context.

Huerta disputes the R&R's reference to him as a fugitive. He asserts that, in the context of 18 U.S.C. § 922, "fugitive" carries a specific meaning inapplicable to Huerta, who is not accused of leaving the state of Arizona during this time. The Court acknowledges that the term fugitive may carry a specific meaning in different contexts. *See e.g. United States v. Durcan*, 539 F.2d 29, 31 (9th Cir. 1976) (The term "fugitive from justice" is defined in 18 U.S.C. s 921(a)(15) as "any person who has fled from any State to avoid prosecution for a crime . . ."); *Man-Seok Choe v. Torres*, 525 F.3d 733, 741 (9th Cir. 2008). However, the R&R does not track the language of § 922 (i.e., fugitive from justice) and does not designate a specific meaning of the use of the word "fugitive." Here, Huerta failed to appear for his scheduled sentencing and was not arrested on an outstanding warrant for over 20 years. The Court accepts the R&R's use of "fugitive" as it is generally defined. *See Fugitive*, Black's Law Dictionary (10th ed. 2014) ("Someone who flees or escapes; a refugee.").

Huerta also objects to the R&R stating that his felonies caused emotional distress to his victims. However, one victim described emotional distress, while another described mild

1 | anger.

2 | Huerta further objects to the R&R for failing to fully consider the circumstances of
3 | the nonviolent, non-serious nature of Huerta's convictions and for giving insufficient weight
4 | to the testimony regarding his nonviolent nature and good acts. However, a review of the
5 | R&R indicates the magistrate judge considered the circumstances of the convictions and gave
6 | appropriate weight to the applicable testimony in light of Ninth Circuit authority.

*Huerta's As-Applied Challenge*

Counsel for Huerta acknowledges that his assertion that 18 U.S.C. § 922(g)(1) unconstitutionally burdens his right under the Second Amendment to keep and bear arms, as applied to Huerta, might be viewed as foreclosed based on Ninth Circuit precedent, but Huerta argues the Ninth Circuit precedent is incorrect and should be reconsidered. Specifically, Huerta asserts the Ninth Circuit precedent does not foreclose the argument that there are constitutional limits on Congress's ability to define "any old crime" as a felony justifying a permanent ban on a person's Second Amendment rights. *United States v. Phillips*, 827 F.3d 1171, 1176 (9th Cir. 2016).

However, the Ninth Circuit has determined that § 922(g)(1) does not violate the Second Amendment as it applies to convicted felons because "felons are categorically different from the individuals who have a fundamental right to bear arms." *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010). In fact, the court has specifically stated that dismissal of a felon in possession indictment on Second Amendment grounds is foreclosed by its precedent." *Phillips*, 827 F.3d at 1173; *see also Michaels v. Sessions*, 700 F. App'x 757 (9th Cir. 2017). The R&R does recognize that *Phillips* notes that it remained to be seen if a minor offense (e.g., stealing a lollipop) could serve as a basis under § 922(g)(1) to ban a person for the rest of his life from ever possessing a firearm. 827 F.3d at 1176 n. 5. However, as stated by the magistrate judge:

> Even if the Ninth Circuit were to permit such a challenge, Mr. Huerta would not prevail. The Court in *Phillips* made clear that a crime does not have to be violent to support a ban on firearms possession. Mr. Huerta's felony convictions, unlike the

- 3 -

misprision of a felony in *Phillips*, involved victims, including government officials and law enforcement officers, (Ex. 13), making them more serious than the Phillips conviction.

R&R (Doc. 62, p. 5). Although Huerta argues the magistrate judge should have conducted an intermediate scrutiny analysis to determine whether Huerta's prior conviction supports a firearm ban, the Court agrees with the magistrate judge that Ninth Circuit forecloses that scrutiny. The Court finds the note in *Phillips* does not require strict scrutiny of every offense that was not a felony at the time of the adoption of the Second Amendment.[1] *See e.g. Michaels*, 700 F. App'x at *758 (determining challenge was foreclosed without conducting intermediate scrutiny). Rather, "[t]hough the *Phillips* court noted that there may be some 'good reasons to be skeptical about the correctness of the current framework of analyzing the Second Amendment rights of [all] felons,' it concluded that it was bound by *Heller* and *Vongxay* and upheld the defendant's § 922(g)(1) conviction." *Michaels v. Lynch*, No. 216CV00578JADPAL, 2017 WL 388807, at *3 (D. Nev. Jan. 26, 2017). Moreover, it appears the Ninth Circuit has determined in a case that involved non-violent offenses and fraudulent documents that relief was foreclosed. *Michaels*.[2] Similarly, Huerta's offenses involve alleged non-violent offenses regarding fraudulent documents. The Court agrees with the magistrate judge that Huerta's case does not present a situation with a minor offense.

In light of the Ninth Circuit precedent, the Court agrees with the government that whether the offenses were violent and the age of the prior offenses is not material in this

---

[1] The *Phillips* court discussed the status of a misprison of a felony at the time of the enactment of the Crimes Act of 1790 and when the Second Amendment was adopted. However, the Court did not state that was the required consideration to determine whether an offense could support a ban.

[2] A review of documents in the District Court of Nevada, 2:16-cv-00578-JAD-PAL, indicates the prior offenses were for securities fraud and subscribing to a false tax return. *See e.g. Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record."); *Marsh v. San Diego Cnty.*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006) (While "[a] court may take judicial notice of the existence of matters of public record, such as a prior order or decision," it should not take notice of "the truth of the facts cited therein.").

case. *Vongxay*, 594 F.3d at 1116; *United States v. Chovan*, 735 F.3d 1127, 1141-42 (9th Cir. 2013. Morever, had Congress wanted to create a good behavior clause exempting the applicability of the firearms ban, it could have done so, but did not. *Id*. at 1142.

Lastly, Huerta's reliance on *Binderup v. Attorney Gen.*, 836 F.3d 336, 247 (3d Cir. 2016), is misplaced. This Court is bound by the Ninth Circuit authority. Further, *Binderup* involved a misdemeanor, while Huerta's prior convictions are felonies. Additionally, the petitioner in *Binderup* did not violate § 922(g) and then seek to invalidate it. Rather, the *Binderup* petitioner sought declaratory and injunctive relief. *See* R&R (Doc. 62, p. 5) ("There is a legal path to restoration of firearms rights, that Mr. Huerta failed to take advantage of. Instead he is alleged to have ignored the law by possessing firearms and ammunition.").

The Court finds Huerta's argument that 18 U.S.C. § 922(g)(1) unconstitutionally burdens his right under the Second Amendment to keep and bear arms, as applied to Huerta, is foreclosed by Ninth Circuit precedent and intermediate scrutiny of Huerta's challenge is not required.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 62) is ADOPTED.
2. The Motion to Dismiss Indictment (Doc. 47) is DENIED.

DATED this 18th day of March, 2019.

_____
Cindy K. Jorgenson
United States District Judge